IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAMIEN SHARELL HOWARD,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION NO. 16-00319-WS-B |
| **JUSTICE MAIN,** *et.al.*, | : |
| **Defendants.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff Damien Sharell Howard, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and is now before the Court due to Plaintiff's failure to comply with the Court's directives.

In an Order dated July 14, 2016 (Doc. 3), the court observed that a review of Plaintiff's complaint reflects that while it is on the Court's form for prisoner actions under § 1983, Plaintiff has neglected to provide supporting facts as requested on the form. Accordingly, Plaintiff was directed to fully complete the 1983 prisoner form complaint, including the section requesting all relevant factual information regarding his claims against each Defendant by **August 15, 2016.** Plaintiff was also directed to pay the

1

statutory filing fee or file a motion to proceed without prepayment of fees by **August 15, 2016.** (Doc. 3). To date, Plaintiff has not completed and refiled his complaint as directed, nor has he paid the filing fee or filed a motion to proceed without prepayment of fees. And, Plaintiff's copy of the Court's Order July 14, 2016 has not been returned to the Court. Thus, the Court assumes that Plaintiff has lost interest in this action.

Due to Plaintiff's failure to comply with the Court's Order dated July 14, 2016 (Doc. 3), and upon consideration of the alternatives available to the Court, the undersigned recommends that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as Plaintiff has failed to comply with the Court's directives, he appears to have lost interest in this action, and no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); Betty K. Agencies, LTD v. M/V Monada, 432 F. 3d 1333, 1337-1338 (11th Cir. 2005); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115

2

L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.*

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **9th** day of **September, 2016.**

                                      **/S/SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**